## 20741. CITY OF BAINBRIDGE *v.* ATLANTIC COAST LINE RAILROAD COMPANY.

STEPHENS, J. 1. Whether or not the act approved July 21, 1925 (Ga. L. 1925, p. 895), which is amendatory of acts approved July 27, 1920 (Ga. L. 1920, p. 740), and September 26, 1879 (Ga. L. 1879, p. 301), and which authorizes the City of Bainbridge in Decatur county, Georgia, "to levy a tax annually, in addition to that now authorized by law, not to exceed seven tenths of one per cent., for the purpose of establishing and maintaining public schools" in that municipality, authorizes the levy of a tax in excess of that authorized and permitted by the constitution of this State (Ga. L. 1919, p. 66; Park's Code Supp. 1922, § 6579), the act must be given its full force and effect as written as authorizing this tax, unless it is declared unconstitutional as authorizing a tax in excess of that authorized and permitted by the constitution of this State.

2. The act approved September 26, 1879 (Ga. L. 1879, p. 301), which authorizes the City of Bainbridge to levy a tax "not to exceed four tenths of one per cent., for the purpose of establishing and maintaining public schools, in and for the municipality of Bainbridge," provides that before it "shall take effect and become operative" the mayor of the City of Bainbridge shall order an election "to ascertain the sense of the qualified voters under this act, at said election, whether public schools shall be established or not in said municipality, and if the question should be decided affirmatively by the necessary constitutional majority, it shall be the duty of the corporation to levy a tax" as authorized by the act. Upon a ratification of this act, by an election held pursuant to its provisions upon the question of "whether public schools shall be established" for the City of Bainbridge, the act should be given full force and effect as a statutory enactment authorizing the City of Bainbridge to levy the tax provided for in the act. The terms of the act, with reference to its ratification by an election, provide only for a submission to the voters of the question as to the establishment of public schools in the municipality. The act is subject to amendment at any time by act of the legislature. In so far as this act provides, it is not essential to the validity of an act amendatory thereof, as respects the amount of the tax levy authorized, that the amending act purporting to authorize an additional tax levy shall be ratified at an election by the people.

582

3. The acts approved August 13, 1910, August 15, 1910, and August 19, 1919 (Ga. L. 1910, pp. 26, 31, and Ga. L. 1919, pp. 288, 339), which authorize municipalities, authorized by law to establish public schools by local taxation and which are not specifically authorized to hold an election upon the question of local taxation, to hold such an election, are, in so far as they may apply to the City of Bainbridge, merely cumulative of the provisions of the act approved September 26, 1879, supra.

4. The affidavit of illegality does not attack the validity of the tax levy made by the City of Bainbridge for school purposes under the authority of the act of July 21, 1925 (Ga. L. 1925, p. 895), amending the act approved September 26, 1879 (Ga. L. 1879, p. 301), upon the ground that there was no ratification of the act of 1879 by an election by the people as provided therein as a condition precedent to its taking effect. It would seem that where it appears that the governing authorities of the city had actually levied a tax under the authority of the act of 1879, there would arise a prima facie presumption that the act had become ratified by an election as provided in the act.

5. The City of Bainbridge having levied a tax of seven tenths of one per cent. for school purposes under the authority of the act approved July 21, 1925, authorizing a tax in this amount, and issued an execution to enforce the levy against the Atlantic Coast Line Railroad Company, the affidavit of illegality interposed by the defendant in execution to the levy of the tax not presenting any question as to the constitutionality of this act, the court erred in sustaining the affidavit of illegality.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED NOVEMBER 15, 1930. REHEARING DENIED FEBRUARY 28, 1931.

*Vance Custer Jr.,* for plaintiff.
*Bennet & Peacock, R. G. Hartsfield,* for defendant.